Licona-Rubio v COA 200 E 34th LLC (2025 NY Slip Op 01579)

Licona-Rubio v COA 200 E 34th LLC

2025 NY Slip Op 01579

Decided on March 18, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 18, 2025

Before: Webber, J.P., Friedman, González, Scarpulla, Michael, JJ. 

Index No. 805360/21|Appeal No. 3901|Case No. 2023-06213|

[*1]Juan Carlos Licona-Rubio, Plaintiff-Appellant,
v
COA 200 E 34th LLC et al, Defendants, Marine Plumbing & Mechanical, Inc. et al., Defendants-Respondents.

Law Offices of William Pager, Brooklyn (William Pager of counsel), for appellant.
Welby, Brady & Greenblatt, LLP, White Plains (Costas Cyprus of counsel), for Marine Plumbing & Mechanical, Inc., respondent.
Brody Law Group, PLLC, New York (Kristine M. Taylor of counsel), for Moncon, Inc., respondent.
O'Connor Redd Orlando LLP, Port Chester (Jerri A. DeCamp of counsel), for Real Plumbing Corp., respondent.

Order, Supreme Court, New York County (Erika M. Edwards, J.), entered September 11, 2023, which, to the extent appealed from as limited by the briefs, granted the motions of defendants Moncon, Inc., Real Plumbing Corp., and Marine Plumbing & Mechanical, Inc. for summary judgment dismissing plaintiff's complaint and all cross-claims against them, unanimously affirmed, without costs.
Defendants Moncon, Real, and Marine established their prima facie entitlement to summary judgment by providing affidavits from employees with knowledge of the facts that none of them employed, supervised, or had the obligation to exercise authority over plaintiff, his employer, or the hoist that caused plaintiff's injury (see Reilly v Newireen Assocs., 303 AD2d 214, 219-220 [1st Dept 2003], lv denied 100 NY2d 508 [2003]). To the extent that the additional documentation submitted by defendants — the project's subcontracts, work records, and the New York City Department of Building Investigation report — constituted hearsay, the documents were properly considered with defendants' sworn affidavits to make out their prima facie cases. In response, plaintiff offered no evidence, whether documentary or testimonial, and thus failed to raise a question of fact to rebut defendants' showing.
Plaintiff's arguments regarding the preclusive effect of the prior order are unavailing. Defendant Marine had not previously sought dismissal of the complaint and defendant Monson's prior motion was decided on CPLR 3211 grounds only (see Pogil v KPMG LLP, 228 AD3d 469, 470 [1st Dept 2024]). While Real did move for summary judgment shortly after answering, the court denied that motion because there was no evidence at that time as to where or how plaintiff's accident occurred, and thus, Real could not make a showing that it did not supervise or control the work. It was within the court's discretion to consider Real's subsequent motion, as the motion was made based on new and previously unavailable evidence (see Elihu v Nicoleau, 173 AD3d 578, 578 [1st Dept 2019]).
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 18, 2025